# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN SCOTT RUCKER, | : | No. 3:17cv490 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Saporito) |
| CAPTAIN S. SPAULDING, | : | |
| Respondent | : | |

## MEMORANDUM

Before the court for disposition is Magistrate Judge Joseph F. Saporitio Jr.'s report and recommendation (hereinafter "R&R"). The R&R suggests the dismissal of Petitioner Kevin Rucker's (hereinafter "petitioner" or "Rucker") petition for a writ of habeas corpus (Doc. 1) filed pursuant to 28 U.S.C. § 2241. The petitioner has filed objections to the R&R and the matter has been fully briefed.

**Background**

On March 26, 2014, Petitioner Rucker was arrested and charged by state authorities with the felony offense of fleeing police. At the time of this arrest, the petitioner was also the subject of a federal arrest warrant for conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin. United States v. Rucker, Case No. 13-CR157(2) (W.D. Pa.). Rucker was subsequently charged on these state and federal crimes.

On July 28, 2015, the petitioner pled guilty and was sentenced on state charges to serve a term of 1 to 2 years in prison. He was transferred into the custody of the Pennsylvania Department of Corrections and incarcerated at the State Correctional Institution in Camp Hill, Pennsylvania. On September 23, 2015, Rucker moved to modify his state sentence *nunc pro tunc*. As a result of his motion, the petitioner's state sentence was afforded a 546-day credit for his pre-trial and pre-sentencing detention from March 27, 2014, through September 23, 2015.

On October 16, 2015, the petitioner began serving his 87-month federal sentence for the aforementioned crimes. The United States Bureau of Prisons (hereinafter "BOP"), however, computed the petitioner's federal and state sentence to run consecutively, not concurrently.[1] As a result, the 546-day credit that Rucker received for his state sentence would not apply to his federal sentence.

The petitioner initiated the instant petition, which challenges the BOP's computation of his federal sentence. Magistrate Judge Saporito reviewed the record in this case and recommends that Rucker's petition (Doc. 1) be denied and dismissed with prejudice. (Doc. 10). On May 22, 2019, Petitioner Rucker

---

[1] A consecutive sentence is a prison term that must be served independently of any other sentence. A concurrent sentence allows prisoners to serve multiple sentences at once and get out earlier.

2

objected to Judge Saporito's R&R. (Doc. 12). The respondent replied to the petitioner's objections on May 28, 2019, bringing this case to its current posture. (Doc. 13).

**Jurisdiction**

Because this case is brought under 28 U.S.C. § 2241 ("Section 2241 "), the court has jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Section 2241 "confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who 'is in custody in violation of the Constitution or laws or treaties of the United States.'" Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001). The federal habeas statute also requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir.2004) (quoting Maleng v. Cook, 490 U.S. 488, 490–91 (1989)).

Section 2241, unlike other federal habeas statutes, "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady, 251 F.3d at 485. (quoting 28 U.S.C. §§ 2241(a) and (c) (3)). Although the Third Circuit Court of Appeals has yet to clearly define the meaning of "execution" in this context, it has cited

approvingly holdings from other circuits finding that a Section 2241 motion properly challenges "such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242 (3d Cir.2005) (quoting Jimian v. Nash, 245 F.3d 144, 147 (2d Cir.2001)).

**Standard of Review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir.1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). A habeas petition and any supporting submissions filed pro se must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir.1998); Lewis v. Attorney Gen., 878 F.2d 714,

721–22 (3d Cir.1989). However, a federal district court can dismiss a habeas petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir.1985), cert. denied, 490 U.S. 1025, 109 S.Ct. 1758, 104 L.Ed.2d 194 (1989); see also 28 U.S.C. §§ 2243, 2255.

**Discussion**

As noted above, the petitioner filed the instant petition for writ of habeas claiming that the BOP miscalculated his federal sentence by failing to credit time spent in state custody. (Doc. 1). Magistrate Judge Saporito recommends that the petition be denied and dismissed with prejudice. (Doc. 10). Petitioner Rucker objects to the magistrate judge's R&R for the following four reasons. First, the petitioner claims that he was in the official custody of the federal government. Second the petitioner asserts that his attorney requested that the state and federal sentences run concurrently. Third, he claims that he received a two-level enhancement under the sentencing guidelines. Finally, Petitioner Rucker alleges that the sentencing guidelines required concurrent sentences. We will examine these objections in turn.

**I.     Objection 1**

Magistrate Judge Saportio found that the BOP correctly computed the petitioner's federal sentence to be served consecutively with the state sentence. As a result, the magistrate judge recommends dismissing Rucker's petition. The petitioner objects that because he was in the official custody of the federal government while serving his state sentence, he should be able to serve both sentences at the same time in order to get out of jail earlier. We disagree with the petitioner.

Section 3584(a) provides:

> [I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . Multiple terms of imprisonment imposed at different times run consecutively unless <u>the court</u> orders that the terms are to run concurrently.

(emphasis added) 18 U.S.C. § 3584(a). As a federal statute, § 3584(a) presumes multiple prison terms to run consecutively unless a *federal court* orders the terms to be run concurrently. <u>See</u> Program Statement 5880.28, at 1-31 to 1-33; Program Statement 5160.05, at 2-7. As the federal agency responsible for the custody, control, and care of individuals incarcerated in the federal prison system of the United States, the BOP has authority to use its discretion to determine whether a federal sentencing court intended a federal sentence to run concurrently or consecutively with a state sentence. <u>Setser v. United States</u>, 566

U.S. 231, 244 (2012). If the federal sentencing court is silent, the BOP must construe the court's silence as an intent to impose a consecutive sentence. See, e.g., Galloway v. Warden of F.C.I. Fort Dix, 385 F.App'x 59, 60 (3d Cir. 2010) (citing BOP Program Statement 5160.05); see also 18 U.S.C. § 3584(a). Conversely, although state courts may exercise a similar discretion, their determinations do not have authority to bind the BOP because of the Supremacy Clause of the United States Constitution. Barden v. Keohane, 921 F.2d 476, 478 n.4 (3d Cir. 1991) (citing U.S. Const. art. VI, cl. 2.).

Here, the federal sentencing court was silent with respect to whether the petitioner's federal and state sentences were to be served concurrently. Consequently, the presumption that the federal and state sentences were to be served consecutively is correct. The petitioner's first objection is, therefore, overruled.

## II. Objection 2

Next, the petitioner asserts that the BOP incorrectly computed his state and federal sentences. The petitioner argues that his sentences should run concurrently. Specifically, he claims that the 546-day credit afforded to the state sentence should have also been credited to the federal sentence. We disagree.

An inmate is entitled to receive jail credit for time spent in official detention prior to the date the sentence commences "as a result of any other charge for

which the defendant was arrested after the commission of the offense for which the sentence was imposed[] that has not been credited against another sentence." (emphasis added) 18 U.S.C. § 3585(b). When Congress enacted § 3585(b), they made it clear that a defendant could not receive double credit for detention time served. United States v. Wilson, 503 U.S. 329, 332-34 (1992). Additionally, in Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007), the Third Circuit held that the BOP did not err when it barred credit under § 3585(b) because the time at issue had been credited against the petitioner's state sentence. Although a petitioner can receive credit for a single prison term, he cannot receive the same credit for multiple prison terms. Id.

Here, the petitioner received credit for his state sentence, but was not afforded the same credit to his federal sentence. Because Petitioner Rucker had already received credit for his state sentence, the BOP correctly used its discretion to refrain from affording the petitioner double credit. The petitioner's second objection is, therefore, overruled.

### III. Objections 3

Third, the petitioner argues that he incorrectly received a two-level enhancement under the sentencing guidelines. We disagree. As stated above, the BOP is a law enforcement agency responsible for the custody and control of incarcerated individuals. Conversely, the Federal Sentencing Guidelines are rules enforced by the United States federal courts system that set out a uniform sentencing policy for individuals and organizations convicted of felonies and misdemeanors. These guidelines are rules that are enforced exclusively by the federal courts system. As a result, the sentencing guidelines are irrelevant to the BOP's decision to refrain from affording the petitioner with double credit.[2] Petitioner Rucker's objection has no merit and will, therefore, be overruled.

### IV. Objection 4

Finally, Petitioner Rucker alleges that the sentencing guidelines required concurrent sentences. We disagree. As stated above, § 3584(a) grants the BOP the authority to use its discretion to determine whether a federal sentencing court intends a federal sentence to run concurrently or consecutively with a state sentence. Setser, 566 U.S. at 244. Here, the BOP appropriately exercised its authority when it determined that the federal court intended the petitioner's

---

[2] The BOP and the United States Federal Courts system are two separate entities that serve different functions.

sentence to run consecutively. Consequently, the petitioner's objection has no merit and will, therefore, be overruled.

**Conclusion**

For the foregoing reasons, we find that the BOP correctly calculated the petitioner's federal sentence when it refrained from affording the petitioner with double credit. We will adopt the magistrate judge's recommendation to affirm the BOP's sentencing computation.

**Date: June 18, 2019**                    **BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**